NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

MISCELLANEOUS DOCKET NO. 875

IN RE FREESCALE SEMICONDUCTOR, INC.,

Petitioner,

and

ATI TECHNOLOGIES, ULC,

Petitioner,

and

MOTOROLA, INC.,

Petitioner,

and

SPANSION, INC. and SPANSION LLC,

Petitioners.

On Writ of Mandamus from the United States International Trade Commission in Investigation No. 337-TA-605.

Before MICHEL, <u>Chief Judge</u>, NEWMAN and LOURIE, <u>Circuit Judges</u>.

NEWMAN, <u>Circuit Judge</u>.

## O R D E R

Freescale Semiconductor, Inc. et al. (Freescale) petition for a writ of mandamus to direct the International Trade Commission to vacate its opinion denying petitioner's motion for stay pending reexamination of the patents at issue.

Tessera, Inc. filed a complaint at the International Trade Commission requesting that the Commission investigate Spansion, Inc. and Spansion LLC (Spansion), as well as various other companies, under Section 337 of the Tariff Act of 1930. Spansion and the other respondents filed a motion to stay the Commission proceedings pending the United States Patent and Trademark Office's reexamination of patents at issue in the investigation. Subsequently, an ALJ granted the stay. On appeal, the Commission vacated the ALJ's order and ordered the proceedings reinstated "at the earliest practicable time."

The Commission stated, inter alia, that the reexamination proceedings were at an early stage, that the reexamination proceedings might not reach completion before expiration of the patents, and that the Commission investigation was at an advanced stage. The Commission also noted that, consistent with law and policy, Commission investigations should normally be conducted expeditiously.

Freescale petitions for a writ of mandamus to direct the Commission to vacate its opinion denying a stay pending reexamination. Freescale argues that the Commission relied on "legally erroneous conclusions" and misconstrued the record. Freescale also asserts that this decision "will lead to tremendous wastes of time, money and resources."

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear

and indisputable," Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). A court may deny mandamus relief "even though on normal appeal, a court might find reversible error." In re Cordis Corp., 769 F.2d 733, 737 (Fed. Cir. 1985).

Freescale has not shown that its right to the writ is clear and indisputable. The Commission provided a sufficient basis for denying the stay. Furthermore, that a petitioner may suffer hardship, inconvenience, or an unusually complex trial does not provide a basis for a court to grant mandamus. See United States v. Watson, 66 C.C.P.A. 107, 603 F.2d 192, 196-97 (1979). Cf. Federal Trade Comm'n v. Standard Oil Co., 449 U.S. 232, 244 (1980) (expenses and burdens of defending action do not constitute irreparable harm). Thus, the petition is denied.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

 

 

 

|    June 25, 2008    | /s/ Pauline Newman    |
|---|---|
| Date | Pauline Newman |
| | Circuit Judge |

cc:   Michael J. Bettinger, Esq.
       Kenneth R. Adamo, Esq.
       Russell E. Levine, Esq.
       Alexander J. Hadjis, Esq.
       Michael Liberman, Esq.

s20